1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 3:09cr1125-MMA |
| Plaintiff, | *Related Civil Case No. 3:11cv1770-MMA* |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** |
| CONRADO TORRES-GAYTAN, | |
| Defendant. | |

Defendant Conrado Torres-Gaytan, a federal prisoner proceeding *pro se*, challenges his conviction and sentence pursuant to Title 28 of the United States Code, section 2255, arguing that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to adequately advise him regarding the immigration consequences of his guilty plea. *See* Doc. No. 52. The government filed a response to the motion. *See* Doc. No. 54. Defendant did not file a reply. For the reasons set forth below, the Court **DENIES** Defendant's motion.

### BACKGROUND

Defendant is a citizen of Mexico. On February 25, 2009, Defendant applied for entry into the United States from Mexicali, Baja California, Mexico, at the Calexico, California, west Port of Entry by presenting a valid Lawful Permanent Resident Alien card. *See Complaint*, Doc. No. 1. After a Narcotic Detector Dog alerted to his vehicle, agents examined the vehicle and discovered twenty packages weighing approximately 24.22 kilograms (53.28 pounds), which field tested

- 1 -

1    positive for the indication of cocaine.  *Id.*

2        On July 15, 2009, pursuant to a written plea agreement, Defendant pleaded guilty to Count

3    One of a two-count Indictment charging him with importing cocaine in violation of Title 21 of the

4    United States Code, sections 952 and 960.  *See* Doc. Nos. 3, 20.  During the plea colloquy,

5    Defendant admitted the essential elements of the charge and waived his rights to direct appeal and

6    collateral attack.[1]  *See Change of Plea Hearing Transcript*, Doc. No. 48, 8.  After receiving

7    extensive briefing from the parties regarding Defendant's eligibility for safety valve relief, this

8    Court found him ineligible and sentenced Defendant on December 14, 2009, to the mandatory

9    minimum term of 120 months imprisonment, 5 years of supervised release, and a $100 special

10   assessment.  *See Judgment*, Doc. No. 39.  On December 22, 2009, Defendant filed a Notice of

11   Appeal.  *See* Doc. No. 40.  Approximately one year later, the Ninth Circuit dismissed the appeal

12   based on Defendant's valid waiver of his right to direct appeal.  *See Mandate and Memorandum*

13   *Opinion*, Doc. No. 51.

14       Defendant has filed a timely motion to vacate, set aside, or correct his sentence pursuant to

15   28 U.S.C. § 2255.  Pursuant to *Padilla v. Kentucky*, __ U.S. __, 130 S.Ct. 1473, 176 L.Ed.2d 284

16   (2010), Defendant contends that he received ineffective assistance of counsel when his attorney

17   failed to advise him that he would be deported as a result of his guilty plea.  Defendant suggests that

18   his guilty plea was not knowing or voluntary because he did not know the immigration

19   consequences of his conviction.  According to Defendant, if he knew he would be deported he would

20   not have pleaded guilty and would have chosen to go to trial.

21                                    **DISCUSSION**

22       *1.    Legal Standard*

23       A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to

24   28 U.S.C. § 2555 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or

25   infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

---

27   [1] Although Defendant's plea agreement contains a collateral attack waiver, a collateral attack waiver cannot bar
     ineffective assistance of counsel claims associated with the knowing and voluntary nature of a plea.  *See Washington v.*
28   *Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant
     to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the
     voluntariness of the waiver").  Accordingly, Defendant's ineffective assistance of counsel claim is not barred by the waiver.

1   collateral attack."  Under Section 2255, "a district court must grant a hearing to determine the

2   validity of a petition brought under that section, '[u]nless the motions and the files and the records of

3   the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20

4   F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the

5   movant's allegations, viewed against the record, fail to state a claim for relief.[2]  *See United States v.*

6   *McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Burrows*, 872 F.2d 915, 917 (9th

7   Cir. 1989).

8          2.        Analysis

9          In *Padilla*, the Supreme Court determined that "counsel must inform her client whether his

10  plea carries a risk of deportation" and that failure to do so could constitute deficient performance

11  under *Strickland v. Washington*, 466 U.S. 668 (1984).[3]  *Padilla*, 130 S.Ct. at 1486.  To demonstrate

12  ineffective assistance of counsel, a defendant must establish deficient performance and prejudice.

13  *Strickland*, 466 U.S. at 687.

14         Defendant cannot establish that his counsel's performance was deficient.  The record

15  demonstrates that Defendant, his counsel, government counsel, and the Court, were all aware of the

16  immigration consequences of his guilty plea and conviction.  During Defendant's final sentencing

17  hearing, his attorney requested the Court "to consider recommending to the Bureau of Prisons that

18  he be designated to FCI Terminal Island" "a medium facility, a minimum, a facility where illegal

19  immigrants, people who are going to lose their green cards can be housed."  *See Sentencing Hearing*

20  *Transcript*, Doc. No. 47, 63.  Counsel for the government noted that Defendant "is someone who

21  understands the consequences and will lose his immigration status."  *Id*. at 64.  At the close of the

22  hearing, the Court recommended that Defendant be housed at FCI Terminal Island.  *Id*. at 65.

23         Furthermore, Defendant concedes in his moving papers that his attorney advised him "that

24

25         [2] Because the record in this case shows that Defendant is not entitled to relief, it is unnecessary to hold a hearing
    on this motion.  Defendant fails to allege specific facts, which, if true would entitle him to relief.

26

27         [3] *Padilla* does not state whether it is retroactively applicable to cases on collateral review.  Given that even if
    *Padilla* applies retroactively, Defendant was not prejudiced by any alleged ineffectiveness of counsel, see discussion *infra*,
    the Court need not determine the retroactive applicability of *Padilla* at this time.  The Supreme Court has granted certiorari
28  on this issue.  *See Chaidez v. United States*, 655 F.3d 684 (7th Cir.2011), cert. granted, 80 U.S.L.W. 3429 (U.S. Apr. 30,
    2012) (No. 11–820).

09cr1125/11cv1770

deportation was very likely." *See Def. Motion*, 10.  Defendant asserts that this advice was insufficient under *Padilla*, which requires counsel to advise their client whether deportation is "virtually certain." *Id*.  Defendant borrows this language from the Ninth Circuit's holding in *United States v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011), that "[a] criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty."  Here, as in *Padilla*, Defendant was convicted of a felony drug offense and the adverse immigration consequences of such a conviction were "succinct, clear, and explicit." *Padilla*, 130 S. Ct. at 1483.  However, unlike the attorney in *Padilla* who told Padilla that he "did not have to worry about immigration status since he had been in the country so long," *id*. at 1475-76, counsel advised Defendant that deportation was "very likely."  This advice is both clear and succinct, and satisfies *Padilla*'s requirements.

       *3.    Certificate of Appealability*

       Title 28 of the United States Code, section 2253(c)(1) precludes an appeal from a final order in a Section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  A defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller–El v. Cockrell*, 537 U.S. 322, 341–42 (2003).  The Court has reviewed the record of this case and finds that the issue presented is not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024–25.  Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

       Based on the reasons set forth above, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to issue a certificate of appealability.

       **IT IS SO ORDERED**.

DATED:  June 27, 2012

Hon. Michael M. Anello
United States District Judge

09cr1125/11cv1770